# STATE EX REL. FRITZ HANSON v. A. J. PHELPS AND ANOTHER.[1]

March 26, 1926.

No. 25,094.

**Parent's right to custody of his minor child may be controlled by courts.**
   1.   While the statute gives to the parent of a minor child, if a suitable person, the custody of the person and care and education of such child, yet this is not an absolute right beyond the control of the courts.

**Custody of child granted to grandparent.**
   2.   After an extended examination and consideration of the evidence as shown by the record in this case, we are satisfied that, for the present, the welfare and best interests of the child demand that she be left with the respondent, and that for such reason the writ should be dismissed.

Parent and Child 29 Cyc. p. 1587 n. 44; p. 1588 n. 45; p. 1595 n. 87.

See note in 41 L. R. A. (N. S.) 564; 14 R. C. L. p. 271; 3 R. C. L. Supp. p. 204; 4 R. C. L. Supp. p. 892.

Upon the relation of Fritz Hanson the district court for Beltrami county granted its writ of habeas corpus directed to A. J. Phelps and Augusta Phelps. Upon the hearing the writ was discharged, Mc-Clenahan, J. On appeal to this court there was a trial de novo, and the writ was discharged.

*Morphy, Bradford & Cummins,* for relator.
*P. J. Russell,* for respondents.

QUINN, J.
The relator is the father of the minor child, Dora Mae Hanson, who was born May 6, 1918. The relator and the child's mother were married July 2, 1917, and were divorced on December 5, 1917. They

[1]Reported in 208 N. W. 131.

were remarried December 3, 1918, and again divorced in November, 1919. Both decrees were obtained at the suit of the wife upon the ground of cruel and inhuman treatment. In the second suit, the mother was awarded the custody of the child. The summons and complaint in both actions were duly served upon the defendant personally, but he failed to appear in either case.

At the time of the second divorce, the child was residing with her maternal grandfather. The mother remarried, but the child remained with her grandparent where she has ever since had, as found by the learned trial court, "a concededly adequate and comfortable home, and apparently a very happy one." As between the grandfather, his present wife and the child there exists a mutual affection that should not now be interfered with by what seems to be but an experiment at best. The mother died March 8, 1923.

Relator was born in Sweden in the year 1893, came to America when but six months old, lived in Indiana for a number of years, then lived at Hackensack, Minnesota, until 1911, when he went to work on a railroad section, became a night-watchman, a fireman, and in 1915 he commenced running a portable engine at $125 per month. He claimed to have become tubercular in 1917. In July of that year, he married Violet Phelps, mother of Dora Mae and daughter of respondent, A. J. Phelps. They lived at Walker two months, then out at the lake one month, then seven days in rooms over "Quam's Place," then the wife went to the respondent's home to live and sued for a divorce.

The parents were not living together at the time Dora Mae was born. After the second marriage, they went to Oklahoma where the husband worked at engineering. The mother returned to Minnesota with the child in April, 1919, and the husband returned in August of the same year, and they were divorced the second time the following November. The relator testified that he did not oppose either divorce because she wanted a divorce and so he let her have it.

The only work which relator did during his marriage to the mother of Dora Mae was that which he did in Oklahoma. He com-

menced work for the American Hoist & Derrick Company in 1920 and has since been with that company at a monthly wage of $175. He is again married but has not established a home of his own. Several witnesses testified as to his good reputation as a peaceable, law-abiding citizen, and several testified that he spoke most villainously about the mother, even denying the paternity of the child of whom he now seeks the custody.

We are of the opinion, as was the trial judge who saw and heard the several witnesses testify and observed the conduct of all the parties, including the child, without a further rehearsal of the testimony, that the welfare and best interests of the child demand that she be left, for the present at least, where she is with the respondent. It is therefore ordered that the writ be dismissed and that the respondent retain the custody, care and control of the child, Dora Mae Hanson, within the state of Minnesota until the further order of the court. Let judgment be entered accordingly.

Writ dismissed.